**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **BANDSPEED, INC.** | § | |
| | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| **v.** | § | **Case No. 1:14-cv-00436-LY** |
| | § | |
| **QUALCOMM INCORPORATED,** | § | |
| **QUALCOMM ATHEROS, INC., and** | § | |
| **QUALCOMM INNOVATION CENTER** | § | |
| **INC.,** | § | |
| | § | |
| **DEFENDANTS.** | § | |

## QUALCOMM INCORPORATED'S ANSWER TO FIRST AMENDED COMPLAINT

Defendant **Qualcomm Incorporated** ("Qualcomm") answers Plaintiff Bandspeed, Inc.'s ("Bandspeed") First Amended Complaint for Patent Infringement ("Complaint") as follows:

### I.   NATURE OF ACTION

1.   Qualcomm admits that Bandspeed purports to state a claim for patent infringement under the laws of the United States, Title 35 of the United States Code, but denies that Plaintiff is entitled to such relief.

2.   Qualcomm admits that U.S. Patent No. 7,027,418 (the "'418 Patent") states on its face that it issued on April 11, 2006, and is entitled "Approach for selecting communications channels based on performance"; that U.S. Patent No. 7,570,614 (the "'614 Patent") states on its face that it issued August 4, 2009, and is entitled "Approach for managing communications channels based on performance"; that U.S. Patent No. 7,477,624 (the "'624 Patent") states on its face that it issued January 13, 2009, and is entitled "Approach for managing the use of

25650420.1

communications channels based on performance"; that U.S. Patent No. 7,903,608 (the "'608 Patent") states on its face that it issued March 8, 2011, and is entitled "Approach for managing the use of communications channels based on performance"; that U.S. Patent No. 8,542,643 (the "'643 Patent") states on its face that it issued September 24, 2013, and is entitled "Approach for managing the use of communications channels based on performance"; and that U.S. Patent No. 8,873,500 (the "'500 Patent") states on its face that it issued October 28, 2014, and is entitled "Approach for Managing the Use of Communications Channels Based on Performance" (collectively, the "Patents-in-Suit").   Qualcomm specifically denies that Qualcomm has committed any act of infringement.   Qualcomm is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 2, and therefore denies the allegations.

3.      Qualcomm denies the allegations of Paragraph 3.

4.      Qualcomm denies the allegations of Paragraph 4.

## II.   THE PARTIES

5.      Qualcomm is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5, and therefore denies the allegations.

6.      Qualcomm admits the allegations of Paragraph 6.

7.      Qualcomm admits the allegations of Paragraph 7.

8.      Qualcomm denies that Qualcomm Innovation Center Inc. is a Delaware corporation.   Qualcomm Innovation Center Inc. is a California corporation.   Qualcomm admits the remaining allegations of Paragraph 8.

## III.   JURISDICTION AND VENUE

9.      Qualcomm admits that Bandspeed purports to state a claim for patent infringement under the laws of the United States, Title 35 of the United States Code, and that this

Court has subject matter jurisdiction over the stated claim, but denies that Plaintiff is entitled to such relief.

10.     Solely for the purposes of this case, Qualcomm does not contest that venue is proper within this judicial district, but Qualcomm denies that this district is a convenient forum for Bandspeed's action.   Qualcomm reserves the right to challenge the convenience of this venue.

## IV.   PLAINTIFF'S PATENTS

11.     The allegations of Paragraph 11 are too vague for Qualcomm to form a belief as to these allegations, and Qualcomm therefore denies the allegations of Paragraph 11.

12.     The allegations of Paragraph 12 are too vague for Qualcomm to form a belief as to these allegations, and Qualcomm therefore denies the allegations of Paragraph 12.

13.     Qualcomm is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13, and therefore denies the allegations of Paragraph 13.

## V.   DEFENDANTS' ACTS

14.     Qualcomm denies the allegations of Paragraph 14.

15.     The allegations of Paragraph 15 are unfairly vague and lack sufficient information for Qualcomm to form a belief as to these allegations, and Qualcomm therefore denies the allegations of Paragraph 15.

16.     The allegations of Paragraph 16 are unfairly vague and lack sufficient information for Qualcomm to form a belief as to these allegations, and Qualcomm therefore denies the allegations of Paragraph 16.

17.     Qualcomm admits that Bandspeed filed suit against several manufacturers alleging infringement of the '418 and '614 Patents.   The remaining allegations of Paragraph 17

25650420.1

are unfairly vague and lack sufficient information for Qualcomm to form a belief as to these allegations, and Qualcomm therefore denies the allegations of Paragraph 17.

18.     Qualcomm admits that it received subpoenas in 2011, 2012, and 2013 seeking information regarding Qualcomm's products in the products of product manufacturers against whom Plaintiff had asserted claims of infringement of the '418 and '614 Patents, and those subpoenas identified various categories of documents and subject matters regarding Qualcomm's products.  However, Qualcomm specifically denies that Qualcomm has committed any act of infringement and denies that the identified categories of documents and subject matters described in the subpoenas evidence any act of infringement.

19.     Qualcomm denies the allegations of Paragraph 19.

20.     Qualcomm denies the allegations of Paragraph 20.

21.     The allegations of Paragraph 21 are unfairly vague and lack sufficient information for Qualcomm to form a belief as to these allegations, and Qualcomm therefore denies the allegations of Paragraph 21.

22.     The allegations of Paragraph 22 are unfairly vague and lack sufficient information for Qualcomm to form a belief as to these allegations, and Qualcomm therefore denies the allegations of Paragraph 22.

23.     Qualcomm admits the allegations of Paragraph 23.

24.     Qualcomm denies the allegations of Paragraph 24.

25.     Qualcomm denies the allegations of Paragraph 25.

26.     The allegations of Paragraph 26 are unfairly vague and lack sufficient information for Qualcomm to form a belief as to these allegations, and Qualcomm therefore denies the allegations of Paragraph 26.

27.     The allegations of Paragraph 27 are unfairly vague and lack sufficient information for Qualcomm to form a belief as to these allegations, and Qualcomm therefore denies the allegations of Paragraph 27.

28.     The allegations of Paragraph 28 are unfairly vague and lack sufficient information for Qualcomm to form a belief as to these allegations, and Qualcomm therefore denies the allegations of Paragraph 28.

29.     Qualcomm denies the allegations of Paragraph 29.

30.     Qualcomm denies the allegations of Paragraph 30.

31.     Qualcomm denies the allegations of Paragraph 31.

32.     Qualcomm denies the allegations of Paragraph 32.

33.     Qualcomm denies the allegations of Paragraph 33.

**COUNT ONE**
**PATENT INFRINGEMENT – U.S. PATENT NO. 7,027,418**

34.     To the extent not inconsistent, Qualcomm incorporates by reference each of its responses to paragraphs 1-33 as though fully set forth herein.

35.     Qualcomm denies the allegations of Paragraph 35.

36.     Qualcomm denies the allegations of Paragraph 36.

37.     Qualcomm denies the allegations of Paragraph 37.

38.     Qualcomm denies the allegations of Paragraph 38.

**COUNT TWO**
**PATENT INFRINGEMENT – U.S. PATENT NO. 7,570,614**

39.     To the extent not inconsistent, Qualcomm incorporates by reference each of its responses to paragraphs 1-38 as though fully set forth herein.

40.     Qualcomm denies the allegations of Paragraph 40.

41.     Qualcomm denies the allegations of Paragraph 41.

42.     Qualcomm denies the allegations of Paragraph 42.

43.     Qualcomm denies the allegations of Paragraph 43.

## COUNT THREE
### PATENT INFRINGEMENT – U.S. PATENT NO. 7,477,624

44.     To the extent not inconsistent, Qualcomm incorporates by reference each of its responses to paragraphs 1-43 as though fully set forth herein.

45.     Qualcomm denies the allegations of Paragraph 45.

46.     Qualcomm denies the allegations of Paragraph 46.

47.     Qualcomm denies the allegations of Paragraph 47.

48.     Qualcomm denies the allegations of Paragraph 48.

## COUNT FOUR
### PATENT INFRINGEMENT – U.S. PATENT NO. 7,903,608

49.     To the extent not inconsistent, Qualcomm incorporates by reference each of its responses to paragraphs 1-48 as though fully set forth herein.

50.     Qualcomm denies the allegations of Paragraph 50.

51.     Qualcomm denies the allegations of Paragraph 51.

52.     Qualcomm denies the allegations of Paragraph 52.

53.     Qualcomm denies the allegations of Paragraph 53.

## COUNT FIVE
### PATENT INFRINGEMENT – U.S. PATENT NO. 8,542,643

54.     To the extent not inconsistent, Qualcomm incorporates by reference each of its responses to paragraphs 1-53 as though fully set forth herein.

55.     Qualcomm denies the allegations of Paragraph 55.

56.     Qualcomm denies the allegations of Paragraph 56.

57.     Qualcomm denies the allegations of Paragraph 57.

25650420.1

58.     Qualcomm denies the allegations of Paragraph 58.

## COUNT SIX
### PATENT INFRINGEMENT – U.S. PATENT NO. 8,873,500

59.     To the extent not inconsistent, Qualcomm incorporates by reference each of its responses to paragraphs 1-58 as though fully set forth herein.

60.     Qualcomm denies the allegations of paragraph 60.

61.     Qualcomm denies the allegations of paragraph 61.

62.     Qualcomm denies the allegations of paragraph 62.

63.     Qualcomm denies the allegations of paragraph 63.

## VI.   WILLFULNESS

64.     Qualcomm incorporates each of its responses to paragraphs 1-63 as though fully set forth herein.  Qualcomm denies the remaining allegations of Paragraph 64.

65.     Qualcomm denies the allegations of Paragraph 65.

## VII.   JURY DEMAND

66.     Bandspeed demands a jury trial on all issues to which no response is required.

## VIII.   REQUEST FOR RELIEF

67.     In response to Bandspeed's request for relief, Qualcomm denies that Bandspeed is entitled to any of the requested relief.

## GENERAL DENIAL

To the extent not expressly admitted above, the factual allegations contained in the Complaint are denied.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that Qualcomm bears the burden of proof as to any of the following affirmative defenses, Qualcomm asserts the following defenses.

## FIRST AFFIRMATIVE DEFENSE
### (LICENSE – BLUETOOTH SIG)

68.     Bandspeed's claims of infringement of the Patents-in-Suit are barred because Qualcomm and the Accused Products and conduct are licensed by Bandspeed under the Bluetooth Patent/Copyright License Agreement.

## SECOND AFFIRMATIVE DEFENSE
### (LICENSE – DEVICE MANUFACTURERS)

69.     Bandspeed's claims of infringement of the Patents-in-Suit are barred in whole and/or in part because the Accused Products and conduct are licensed by Bandspeed through prior settlement and/or license agreements.

## THIRD AFFIRMATIVE DEFENSE
### (NONINFRINGEMENT)

70.     Qualcomm has not infringed, either literally or under the doctrine of equivalents, any claims of the Patents-in-Suit; therefore, Qualcomm is not liable for any infringement thereof.

## FOURTH AFFIRMATIVE DEFENSE
### (INVALIDITY)

71.     The claims of the Patents-in-Suit are invalid because they fail to satisfy one or more requirements of patentability under Title 35 of the UNITED STATES CODE, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or one or more paragraphs of § 112.

## FIFTH AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

72.     The Complaint fails to plead a plausible claim upon which relief may be granted and/or fails to plead factual allegations with sufficient and particularity required to state a plausible claim.

## SIXTH AFFIRMATIVE DEFENSE
### (STATUTE OF LIMITATION)

73.     Bandspeed's claims for relief are barred at least in part by 35 U.S.C. § 286.

## SEVENTH AFFIRMATIVE DEFENSE
### (PROSECUTION HISTORY ESTOPPEL)

74.     Bandspeed is estopped from construing any valid claim of the Patents-in-Suit to be infringed literally or under the Doctrine of Equivalents due to admissions or statements made in prior litigation and/or to the U.S. Patent and Trademark Office (a) during prosecution of the Patents-in-Suit, (b) in the specifications and claims of the Patents-in-Suit, (c) in the provisional application from which the Patents-in-Suit purport to claim priority, (d) during prosecution of patent applications related to the Patents-in-Suit, and (e) during reexamination and *inter partes* review proceedings related to one or more of the Patents-in-Suit.

## EIGHTH AFFIRMATIVE DEFENSE
### (MARKING)

75.     To the extent that Bandspeed or any licensee of the Patents-in-Suit failed to properly mark any of its relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Qualcomm's actions allegedly infringed any claim of the Patents-in-Suit, Qualcomm is not liable to Bandspeed for the acts alleged to have been performed before Qualcomm received proper notice that it was allegedly infringing each of the Patents-in-Suit.

## NINTH AFFIRMATIVE DEFENSE
### (NO COSTS)

76.     Bandspeed failed to disclaim the claims of the Patents-in-Suit that are invalid before commencement of suit and therefore may recover no costs.

## TENTH AFFIRMATIVE DEFENSE
### (28 U.S.C. § 1498(a))

77.     To the extent that Bandspeed may accuse products or services that are provided by or for the government of the United States of America, there is no jurisdiction over such claims, pursuant to 28 U.S.C. § 1498(a), outside of the U.S. Court of Federal Claims.

**ELEVENTH AFFIRMATIVE DEFENSE
(NO IRREPARABLE HARM)**

78.     Bandspeed is not entitled to any injunctive relief because any injury to Bandspeed is neither immediate nor irreparable, and Bandspeed has adequate remedies at law.

**TWELFTH AFFIRMATIVE DEFENSE
(SINGLE RECOVERY)**

79.     Bandspeed's claims for relief are barred, in part or in whole, by the doctrines of full compensation, exhaustion, implied license, and/or first sale.  Bandspeed has an adequate remedy at law and is not entitled to a double recovery.

**THIRTEENTH AFFIRMATIVE DEFENSE
(LACHES)**

80.     Bandspeed's claims for relief are barred, in whole or in part, by the doctrine of laches.

**FOURTEENTH AFFIRMATIVE DEFENSE
(EQUITABLE ESTOPPEL)**

81.     Bandspeed's claims for relief are barred, in whole or in part, by equitable estoppel or waiver.

**FIFTEENTH AFFIRMATIVE DEFENSE
(UNCLEAN HANDS)**

82.     Bandspeed's claims for relief are barred, in part or in whole, by the doctrine of unclean hands.

## ORIGINAL COUNTERCLAIMS

83.     Qualcomm Incorporated is a Delaware corporation having its principal place of business at 5775 Morehouse Drive, San Diego, California 92121.

25650420.1

84.     Upon information and belief, and as alleged in its Complaint, Bandspeed Inc. ("Bandspeed") is a Delaware corporation with its principal place of business located in Austin, Texas.

85.     Bandspeed has filed a Complaint in this Court against Qualcomm.

86.     Bandspeed has alleged in its Complaint that it is the owner of all rights, title, and interest to (a) U.S. Patent No. 7,027,418 (the "'418 Patent") entitled "Approach for selecting communications channels based on performance," (b) U.S. Patent No. 7,570,614 (the "'614 Patent") entitled "Approach for managing communications channels based on performance," (c) U.S. Patent No. 7,477,624 (the "'624 Patent") entitled "Approach for managing the use of communications channels based on performance," (d) U.S. Patent No. 7,903,608 (the "'608 Patent") entitled "Approach for managing the use of communications channels based on performance," (e) U.S. Patent No. 8,542,643 (the "'643 Patent") entitled "Approach for managing the use of communications channels based on performance," and (f) U.S. Patent No. 8,873,500 (the "'500 Patent") entitled "Approach for Managing the Use of Communications Channels Based on Performance" (collectively the "Patents-in-Suit").

87.     Bandspeed alleges in its Complaint that Qualcomm has infringed and continues to infringe the Patents-in-Suit.

88.     This Court has subject matter jurisdiction over this counterclaim under 28 U.S.C. § 1338(a), the Patent Laws of the United States, 35 U.S.C. § 100, et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and this action is based upon an actual controversy between Bandspeed and Qualcomm regarding the invalidity and non-infringement of the claims of the Patents-in-Suit.

25650420.1

89.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400.  However, venue is convenient in this District only because this is a counterclaim. Otherwise venue would be inconvenient.

90.     Bandspeed has previously appeared in this lawsuit, is represented by counsel, and has submitted to the jurisdiction of this Court.

## FIRST COUNTERCLAIM
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT

91.     To the extent not inconsistent, Qualcomm incorporates by reference the allegations of its Answer, Affirmative Defenses, and Counterclaims as if fully set forth herein.

92.     Qualcomm's products do not directly or indirectly infringe, literally or under the doctrine of equivalents, any claim of the Patents-in-Suit, and Qualcomm seeks a declaration to that effect.

## SECOND COUNTERCLAIM
### DECLARATORY JUDGMENT OF INVALIDITY

93.     To the extent not inconsistent, Qualcomm incorporates by reference the allegations of its Answer, Affirmative Defenses, and Counterclaims as if fully set forth herein.

94.     The claims of the Patents-in-Suit are invalid for failure to comply with one or more of the requirements of the patent laws, including, but not, limited to 35 U.S.C. §§ 101, 102, 103, and/or one or more paragraphs of § 112, and the rules and laws pertaining to those provisions, and Qualcomm seeks a declaration to that effect.

## THIRD COUNTERCLAIM
### DECLARATORY JUDGMENT OF LICENSE

95.     To the extent not inconsistent, Qualcomm incorporates by reference the allegations of its Answer, Affirmative Defenses, and Counterclaims as if fully set forth herein.

96.     The Bluetooth Special Interest Group ("SIG") is a standards-setting body for the electronics industry that develops and promulgates standards relating to Bluetooth wireless technology.

97.     Qualcomm is currently an Associate Member of the Bluetooth SIG, as that term is defined in the Bluetooth License Agreement and the Bylaws of the Bluetooth SIG.

98.     Bandspeed joined the Bluetooth SIG as an Associate Member in September 2001.

99.     Bandspeed, as an Associate Member of the Bluetooth SIG, signed and agreed to be bound the terms of the Bluetooth Patent/Copyright License Agreement ("Bluetooth License Agreement"), including the express provision that all Contributions by an Associate Member that are submitted for inclusion in a Bluetooth Specification, and are Necessary Claims for the Bluetooth Specification, are licensed royalty-free to the Bluetooth SIG and its members, including Qualcomm.

100.    Section 4(b) of the Bluetooth License Agreement provides that:

> All Contributions by a contributing Associate or Adopter Member that have been submitted for inclusion in any Bluetooth Specification or Draft Bluetooth Specification shall be licensed by the contributing Associate or Adopter Member to all Licensees (as defined in Section 5(b) hereof) under the grant specified in Section 5(b) hereof for all Bluetooth Specifications in which the Contributions become included, even if such Associate or Adopter Member has withdrawn or been terminated as a Member of Bluetooth SIG.

101.    "Contribution" is defined in the Bluetooth License Agreement as "any written or electronic document submitted to a Working Group for inclusion into a Bluetooth Specification by a Bluetooth SIG member or agreed upon in writing or electronically by a Bluetooth SIG Member that such document is a contribution of such Bluetooth SIG Member."

102.    Under Section 4(b) of the Bluetooth License Agreement, Bandspeed granted a patent license as specified in Section 5(b) of the Bluetooth License Agreement to the Bluetooth

- 13 -

SIG and its members, including Qualcomm, for all Bluetooth Specifications in which Bandspeed's Contributions become included.

103.    Under Section 4(b) of the Bluetooth License Agreement, the patent license as specified in Section 5(b) and granted by Bandspeed shall be licensed even after Bandspeed withdrew as a Member of the Bluetooth SIG.

104.    Section 5(b) of the Bluetooth License Agreement provides that:

> Effective upon the adoption by Bluetooth SIG of each Bluetooth Specification, each Associate and Adopter Member and their Affiliates hereby grant to each Promoter Member and Associate and Adopter Member and all of their respective Affiliates (also collectively, "Licensee") a nonexclusive, royalty-free, perpetual, irrevocable, nontransferable, nonsublicenseable, worldwide license under its Necessary Claims solely to make, have made, use, import, offer to sell, sell and otherwise distribute and dispose of Compliant Portions; provided that such license need not extend to any part or function of a product in which a Compliant Portion is incorporated that is not itself part of the Compliant Portion.

105.    Pursuant to Section 5(b) of the Bluetooth License Agreement, Bandspeed granted a patent license to the Bluetooth SIG and its members, including Qualcomm.

106.    Effective upon adoption of version 1.2 of the Bluetooth Specification, pursuant to Sections 4(b) and 5(b) of the Bluetooth License Agreement, Bandspeed granted the Bluetooth SIG and its members, including Qualcomm, a "non-exclusive, royalty-free, perpetual, irrevocable, nontransferable, nonsublicenseable, worldwide license under its Necessary Claims."

107.    "Necessary Claims" are defined in the Bluetooth License Agreement as "claims of a patent application that (a) are owned or controlled by a party or its Affiliates now or at any future time while this License Agreement remains in effect; and (b) are necessarily infringed by implementing those portions of a Bluetooth Specification. . . ."

108.    Thus, by agreeing to the terms of the Bluetooth License Agreement and effective upon the adoption of each version of the Bluetooth Specification that included Bandspeed's

- 14 -

Contributions, Bandspeed granted the Bluetooth SIG and its members, including Qualcomm, a royalty-free license to all "Necessary Claims" in the Patents-in-Suit to make, have made, use, import, offer to sell, sell and otherwise distribute and dispose of Compliant Portions (as defined in the Bluetooth License Agreement).

109.    Specifically, Bandspeed actively participated in the standards setting process for the Bluetooth Specification, including version 1.2.  For example, Bandspeed was admitted to the Coexistence Working Group of the Bluetooth SIG on October 16, 2001.

110.    Through Bandspeed's Associate Membership in the Bluetooth SIG and its active participation in the Coexistence Working Group of the Bluetooth SIG, Bandspeed made Contributions urging adoption in the Bluetooth Specifications of what Bandspeed refers to as Adaptive Frequency Hopping ("AFH") technology and what is further described in the Patents-in-Suit.

111.    Bandspeed's active participation in, and contributions to, the Bluetooth Specification are confirmed by the fact that one of the inventors listed on the face of the Patents-in-Suit is named as a contributor to Bluetooth Specification version 1.2 and above.

112.    Bandspeed alleges that the claims of the Patents-in-Suit are necessarily infringed by products implementing the AFH technology set forth in Bluetooth Specification version 1.2 and above.

113.    Bandspeed's agreement to be bound by the Bluetooth License Agreement creates an express license under the Patents-in-Suit to the Bluetooth SIG and its members, including Qualcomm.

114.    Qualcomm is entitled to a declaration that pursuant to the terms of the Bluetooth License Agreement, Qualcomm has a worldwide royalty-free license to the Patents-in-Suit as specified in Section 5(b) of the Patent License Agreement.

## QUALCOMM'S PRAYER FOR RELIEF

Qualcomm, reserving its right to amend its pleadings to add additional defenses, affirmative defenses, and counterclaims if warranted by discovery, prays for the following relief:

1.    A judgment that Qualcomm has not infringed any claim of the Patents-in-Suit.

2.    A judgment that each of the Patents-in-Suit is unenforceable.

3.    A judgment that each of the Patents-in-Suit is licensed.

4.    A judgment that Bandspeed's Complaint be dismissed with prejudice, and that Bandspeed take nothing by its Complaint.

5.    A judgment in favor of Qualcomm on each of its Counterclaims.

6.    A judgment that this is an exceptional case pursuant to 35 U.S.C. § 285 and an award to Qualcomm of its reasonable attorneys' fees and costs of suit pursuant to 35 U.S.C. § 284, 285, and all other applicable statutes, rules, and common law.

7.    An award to Qualcomm of such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Qualcomm requests a jury trial for all triable issues in the Plaintiff's Complaint and its Counterclaims to the extent allowed by the United States Constitution and the FEDERAL RULES OF CIVIL PROCEDURE.

Date: February 27, 2015                    Respectfully submitted,

                                           By:   _/s/ Richard S. Zembek_
                                                 Richard S. Zembek (TBN 00797726)
                                                 richard.zembek@nortonrosefulbright.com
                                                 Eric B. Hall (TBN 24012767)
                                                 eric.hall@nortonrosefulbright.com
                                                 Daniel S. Leventhal (TBN 24050923)
                                                 daniel.leventhal@nortonrosefulbright.com
                                                 Darren T. Smith (TBN 24088433)
                                                 darren.smith@nortonrosefulbright.com
                                           Norton Rose Fulbright US LLP
                                           Fulbright Tower
                                           1301 McKinney, Suite 5100
                                           Houston, Texas 77010-3095
                                           Tel:   (713) 651-5151
                                           Fax:   (713) 651-5246


                                           Alan D. Albright (TBN 00973650)
                                           Attorney-in-Charge
                                           alan.albright@sutherland.com
                                           Chad Ennis (TBN 24045834)
                                           chad.ennis@sutherland.com
                                           Sutherland Asbill & Brennan LLP
                                           600 Congress Avenue, Suite 2000
                                           Austin, Texas 78701
                                           Tel:   (512) 721-2710
                                           Fax:   (512) 721-2656


                                           **Counsel for Defendant**
                                           **QUALCOMM INCORPORATED**

25650420.1

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 27, 2015, all counsel of record who are

deemed to have consented to electronic service are being served with a copy of this document via

the Court's CM/ECF system.

_/s/ Alan D. Albright_