IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2016 JUN 23 PM 4: 00

| | | |
|---|---|---|
| BANDSPEED, INC., | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CAUSE NO. 1:14-CV-436-LY |
| | § | |
| QUALCOMM INCORPORATED, | § | |
| QUALCOMM ATHEROS, INC., AND | § | |
| QUALCOMM INNOVATIONS CENTER, | § | |
| INC., | § | |
| DEFENDANTS. | § | |

## **ORDER**

Before the court is Defendants' Motion for Judgment on the Pleadings that Plaintiff's Infringement Claims Are Barred and Request for Oral Hearing on the Motion filed March 23, 2016 (Clerk's Doc. Nos. 106-2 and 116); Plaintiff Bandspeed, Inc.'s Response to Qualcomm Defendants' Motion for Judgment on the Pleadings filed April 27, 2016 (Clerk's Doc. No. 113); and Defendants' Reply in Support of Motion for Judgment on the Pleadings that Plaintiff's Infringement Claims Are Barred filed May 16, 2016 (Clerk's Doc. No. 118). Having considered the motion, the response, the reply, and the applicable law, the court will deny the motion for the reasons to follow.

In 2011, Plaintiff Bandspeed, Inc. ("Bandspeed") filed a complaint against Cambridge Silicon Radio Limited and other entities for patent infringement. In 2012, Bandspeed and Cambridge Silicon Radio Limited entered into a settlement agreement whereby Bandspeed granted a release, license, and covenant not to sue regarding the patents to Cambridge Silicon Radio Limited and its parents, subsidiaries, and affiliates (the "Agreement"). In 2013, Defendants allege Qualcomm Incorporated; Qualcomm Atheros, Inc.; and Qualcomm Innovations Center, Inc. (collectively, "Defendants") became either the parent or affiliate of

Cambridge Silicon Radio Limited through an acquisition. In 2014, Bandspeed filed a complaint against Defendants for patent infringement. The parties do not dispute the patents at issue in this case are covered by the Agreement. Defendants now move for dismissal on the pleadings, contending the release, license, and covenant not sue in the Agreement applies to them—and thus dismissal is warranted—because they became either the parent or affiliate of Cambridge Silicon Radio Limited. Bandspeed contends the case should not be dismissed on the pleadings because, *inter alia*, a factual dispute exists as to the relationship between Defendants and Cambridge Silicon Radio Limited.

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). A court must accept the nonmovant's allegations as true. *Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 318 (5th Cir. 2009); *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001). When the defendant is the moving party, "the fact allegations of the complaint are to be taken as true, but those of the answer are taken as true only where and to the extent that they have not been denied or do not conflict with those of the complaint." *Kent v. Walter E. Heller & Co.*, 349 F.2d 480, 482 & n.1 (5th Cir. 1965). "Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of material fact and only questions of law remain." *United States v. 0.073 Acres of Land*, 705 F.3d 540, 543 (5th Cir. 2013).

Defendants' entire legal argument that the Agreement applies to them is based upon their alleged factual relationship to Cambridge Silicon Radio Limited, the named entity in the Agreement. Specifically, Defendants allege that Qualcomm Incorporated is the parent of Qualcomm Atheros, Inc.; Qualcomm Innovation Center, Inc.; and Qualcomm Global Trading Pte. Ltd. Defendants further allege that Qualcomm Global Trading Pte. Ltd. acquired CSR plc, and that CSR plc is the parent of Cambridge Silicon Radio Limited. As a result of these facts, Defendants claim that Qualcomm Incorporated became either the parent or affiliate of Cambridge Silicon Radio Limited, and that Qualcomm Atheros, Inc. and Qualcomm Innovation Center, Inc. became affiliates of Cambridge Silicon Radio Limited.

Bandspeed admits Qualcomm Incorporated is the parent of Qualcomm Atheros, Inc. and Qualcomm Innovation Center, Inc. However, Bandspeed denies Defendants' allegation that "Qualcomm Incorporated's subsidiary Qualcomm Global Trading Pte. Ltd. . . . acquired CSR."[1] Likewise, Bandspeed denies Defendants are the parent or affiliate of Cambridge Silicon Radio Limited.

In response to these denials of fact, Defendants request this court to take judicial notice that Qualcomm Global Trading Pte. Ltd. acquired CSR plc based on two documents: (1) an order ostensibly issued by a British court that approves a "[s]cheme of [a]rrangement" between Qualcomm Global Trading Pte. Ltd. and CSR plc, and (2) a form filed by CSR plc with the United States Securities and Exchange Commission wherein CSR plc states, "CSR plc ('CSR') is pleased to announce that the Court has confirmed . . . the recommended acquisition of CSR by

---

[1] In Defendants' motion for judgment on the pleadings, they specifically claim that CSR plc was the acquired entity and that CSR plc is the parent of Cambridge Silicon Radio Limited. However, in Defendants' pleadings, they allege "CSR" was acquired, without specifying whether "CSR" refers to CSR plc or Cambridge Silicon Radio Limited. Moreover, in Defendants' pleadings, they neither allege CSR plc is the parent of Cambridge Silicon Radio Limited nor refer to CSR plc at all. Regardless, Bandspeed denies any acquisition occurred.

3

Qualcomm Global Trading Pte. Ltd., an indirect wholly-owned subsidiary of Qualcomm Incorporated, by way of a scheme or arrangement." However, neither of these documents refer to Cambridge Silicon Radio Limited. Thus, even if this court were to take judicial notice that Qualcomm Global Trading Pte. Ltd. is a subsidiary of Qualcomm Incorporated and acquired CSR plc, the court does not have any basis from which to take judicial notice that CSR plc is in any way related or affiliated with Cambridge Silicon Radio Limited.

Therefore, the court finds a dispute exists on the face of the pleadings as to the factual relationship between Defendants and Cambridge Silicon Radio Limited, and the court will not take judicial notice of any facts that would connect Defendants to Cambridge Silicon Radio Limited. Because such facts are the material basis of Defendants' legal argument, the court concludes that the motion for judgment on the pleadings should be denied. Accordingly,

**IT IS ORDERED** that Defendants' Motion for Judgment on the Pleadings that Plaintiff's Infringement Claims Are Barred and Request for Oral Hearing on the Motion (Clerk's Doc. Nos. 106-2 and 116) is **DENIED**.

**SIGNED** this 23rd day of June, 2016.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE